UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>v.<br><br>GERALD HAROLD LEVINE, et al.,<br><br>           Defendants. | 2:07-cv-00506-LDG-RJJ<br><br>**ORDER** |

By order, filed on March 16, 2010, this Court entered an order granting the Plaintiff Securities and Exchange Commission's ("SEC") motion for summary judgment against defendants Gerald Levine, Marie Levine, Alan Copeland, and Nu Star (#118). The Court denied the SEC's motion in its entirety as it pertained to defendant MaryAnn Metz because "issues of fact exist[ed] whether [her] conduct met the scienter and state of mind requirements of the alleged violations of the Exchange and Securities Acts." The SEC has moved for reconsideration of the portion of the Court's order that pertains to the SEC's claim against MaryAnn Metz under Section 5 of the Securities Act of 1933 (#120) and for summary judgment against MaryAnn Metz on that claim.

The SEC argues that a Section 5 claim has no scienter element. The Court grants the motion for reconsideration based on the following.

Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a), (c), forbid the unregistered offer or sale of securities in interstate commerce. The plain language of the statute has no scienter requirement. 15 U.S.C. §§ 77e(a), (c). *See SEC v. Alpha Telecom, Inc.*, 187 F. Supp. 2d 1250, 1258 (D. Or. 2002) ("There is no scienter requirement under Section 5"), *aff'd sub nom*, *SEC v. Rubera*, 350 F.3d 1084 (9th Cir. 2003). Furthermore, other circuits have held that no scienter is required under a Section 5 claim. *SEC v. Calvo*, 378 F.3d 1211, 1215 (11th Cir. 2004) ("Scienter is not a consideration"); *Swenson v. Englestad* 626 F.2d 421, 424 (5th Cir. 1980) ("The Securities Act of 1933 imposes strict liability on offerors and sellers of unregistered securities . . . regardless of . . . any degree of fault, negligent or intentional, on the seller's part") (internal citation omitted) .

In this case, there is no dispute that neither Nu Star nor Judgment Recovery Service (JRS) filed registration statements with the SEC.  Section 5 liability extends to those who are "both a necessary factor and a substantial factor in the sales transaction[s]." *SEC v. Phan*, 500 F.3d 895, 901 (9th Cir. 2007). Defendant MaryAnn Metz, as an officer and director of Nu Star and JRS, approved the sale of Nu Star JRS stock and signed the paperwork authorizing the stock offering making her a "substantial factor" in the unregistered sale of Nu Star and JRS stock. Accordingly, she is liable for violating Section 5.

THE COURT HEREBY GRANTS PLAINTIFF'S MOTION FOR RECONSIDERATION (#120) AND VACATES the portion of its March 16, 2010, order (#118) denying the SEC's motion for summary judgment against MaryAnn Metz as to her liability under Section 5 of the Exchange and Securities Act.

THE COURT FURTHER ORDERS that plaintiff Securities and Exchange Commission shall file a proposed order and final judgment granting the SEC's motion for summary judgment

1 as to MaryAnn Metz's liability under Section 5 of the Exchange and Securities Act within thirty
2 (30) days of the filing of this order.
3     DATED this ___ day of July, 2010.

_____
Lloyd D. George
United States District Judge