1

2

3

4

5

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                         Plaintiff,<br>v.<br><br>GERALD HAROLD LEVINE, MARIE A. LEVINE,<br>MARY ANN METZ, DARIN SCOTT METZ, ALAN<br>BRUCE COPELAND, ISAAC BARRETT MORLEY,<br>BRUCE CHET ROTHENBERG and NU STAR<br>HOLDINGS, INC.,<br><br>                         Defendants,<br>              and<br><br>WIRE TO WIRE, INC., PUBLIC HIGHWAY, INC.,<br>THE 1975 TRUST and GLOBAL ENVIRONMENTAL<br>SYSTEMS, INC.,<br>                         Relief Defendants. | 2:07-CV-00506-LDG/RJJ<br><br>**ORDER** |

**JUDGMENT AS TO DEFENDANT MARYANN METZ**
**ON THE THIRD CLAIM IN PLAINTIFF SECURITIES AND EXCHANGE**
**COMMISSION'S COMPLAINT**

This matter comes before the Court on Plaintiff Securities and Exchange Commission's

(the "SEC") Motion to Reconsider the Court's Summary Judgment Order [Docket No. 118]

Relating to the Section 5 Claim Against Defendant Maryann Metz ("Motion to Reconsider").  On

July 28, 2010, the Court granted the SEC's Motion to Reconsider, finding that there is no scienter

requirement under Section 5 of the Securities Act of 1933; that there is no dispute that neither Nu

Star Holdings, Inc. ("Nu Star"), nor Judgement Recovery Service, Inc. ("JRS"), filed registration

statements with the SEC; and that Defendant MaryAnn Metz ("Defendant"), as an officer and

director of both Nu Star and JRS, was a "substantial factor" in the unregistered sale of Nu Star

and JRS stock.

1    Therefore, the Court GRANTS the SEC's Motion for Summary Judgment against

2    MaryAnn Metz as to the Third Claim in its Complaint; and accordingly,

3

4                                         **I.**

5    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant MaryAnn

6    Metz is liable for violating Sections 5(a) and 5(c) of the Securities Act of 1933; and this Court

7    enters an Order of Judgment as to that claim.

8

9                                         **II.**

10   IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that Defendant

11   MaryAnn Metz and Relief Defendant The 1975 Trust ("Relief Defendant") are jointly and

12   severally liable for disgorgement of $172,088, representing profits gained as a result of the

13   conduct alleged in the Complaint in the amount of $131,000, together with prejudgment interest

14
15   thereon in the amount of $41,088.  Defendant and/or Relief Defendant shall satisfy this obligation

16   by paying the disgorgement within ten business days after entry of this Final Judgment by

17   certified check, bank cashier's check, or United States postal money order payable to the

18   Securities and Exchange Commission.  Defendant's payment shall be delivered or mailed to the

19   Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432

20   General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a

21   letter identifying the Defendant making the payment as a defendant in this action; setting forth the

22   title and civil action number of this action and the name of this Court; and specifying that payment

23   is made pursuant to this Final Judgment.  Defendant and Relief Defendant shall pay post-judgment

24
25   interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the

26   funds paid pursuant to this paragraph to the United States Treasury.

27

28

**III.**

IT IS FURTHER ORDERED that counsel for the SEC and counsel for Defendants MaryAnn Metz and Darin Scott Metz, and for Relief Defendant Global Environmental Systems, Inc., ("Metz Defendants") shall meet and confer in order to propose a schedule for completion of a pretrial order with respect to the remaining claims against the Metz Defendants.  Counsel for the SEC and the Metz Defendants shall notify the Court within thirty (30) days of the entry of this order on their proposal for a schedule to complete the pretrial order.

Dated: _____, 2010        _____
                                     United States District Judge

3