# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

v.

GERALD HAROLD LEVINE,
MARIE A. LEVINE,
MARY ANN METZ,
DARIN SCOTT METZ,
ALAN BRUCE COPELAND,
ISAAC BARRETT MORLEY,
BRUCE CHET ROTHENBERG and
NUSTAR HOLDINGS, INC.,

                Defendants,

-and-

WIRE TO WIRE, INC.,
PUBLIC HIGHWAY, INC.,
THE 1975 TRUST and
GLOBAL ENVIRONMENTAL SYSTEMS, INC.,

                Relief Defendants.

2:07-CV-00506-LDG/RJJ

## [PROPOSED] FINAL JUDGMENT
## AS TO DEFENDANT DARIN SCOTT METZ

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Darin Scott Metz ("Darin Scott Metz" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Exchange Act Section 21(d)(2) [15 U.S.C. § 78u(d)(2)], Defendant is prohibited for a period of ten (10) years from the date on which final judgment is entered, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Exchange Act Section 12 [15 U.S.C. § 78l] or that is required to file reports pursuant to Exchange Act Section 15(d) [15 U.S.C. § 78o(d)].

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Exchange Act Rule 3a51-1 [17 C.F.R. 240.3a51-1].

## IV.

Based on the sworn representations contained in the Statement of Financial Condition of Darin and Mary Ann Metz dated March 14, 2011 ("Statement of Financial Condition"), and other documents and information submitted to the Commission, the Court is not ordering Defendant to pay a civil penalty. The determination not to impose a civil penalty is contingent upon the accuracy and completeness of the Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning the assets, income, liabilities, or net worth of Darin and Mary Ann Metz were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, in its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available

3

remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the

forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may

also request additional discovery.  Defendant may not, by way of defense to such petition:  (1)

challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the

Complaint filed by the Commission; (3) assert that payment of a civil penalty should not be

ordered; (4) contest the imposition of the maximum civil penalty allowable under the law; or (5)

assert any defense to liability or remedy, including, but not limited to, any statute of limitations

defense.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2011

_____
UNITED STATES DISTRICT JUDGE